# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CAROLYN MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENERAL MOTORS COMPANY, ) <br> ) <br> Defendant. ) | Case No. 2:15-cv-02816-STA-dkv |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On December 22, 2015, Defendant General Motors Company ("GMC") removed this products liability action from the Shelby County General Sessions Court to this Court pursuant to 28 U.S.C. § 1332, diversity of citizenship. (ECF No. 1.) Plaintiff Carolyn Moore has filed a motion to remand (ECF No. 10) on the ground that the amount in controversy necessary for this Court's jurisdiction under § 1332 is not present. Defendant has filed a response to the motion. (ECF No. 11.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[1] In addition to giving federal district courts original jurisdiction over cases arising under federal law,[2] Congress "has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens . . . to provide a

---

[1] *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2616 (2005).

[2] S*ee* 18 U.S.C. § 1331.

neutral forum for what have come to be known as diversity cases."³ "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000."⁴

Although Plaintiff originally filed this case in state court, the removal statute, 28 U.S.C. § 1441, authorizes a defendant to remove "civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court."⁵ A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement.⁶ The removing defendant has to prove by a preponderance of the evidence that the jurisdictional facts it alleges are true.⁷ The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."⁸

In a diversity case, the appropriateness of subject matter jurisdiction is determined at the time of removal.⁹ When deciding whether the amount in controversy has been satisfied, the Court must examine the complaint at the time it was filed.¹⁰ The amount alleged in the complaint

---

³ *Exxon Mobil*, 125 S. Ct. at 2617.

⁴ *Id.*; *see* 18 U.S.C. § 1332 (diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

⁵ *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

⁶ *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

⁷ *Id.* at 158.

⁸ *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

⁹ *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

¹⁰ *See Klepper v. First American Bank*, 916 F.2d 337 (6th Cir. 1990) (citing *St. Paul Mercury*, 303 U.S. at 288); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961).

will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.[11] A plaintiff in a diversity case may defeat removal to federal court by suing for less than the jurisdictional amount.[12]

In the present case, Plaintiff served Defendant GMC with a General Sessions Court Summons seeking damages for products liability, strict liability, breach of express warranty, and negligence. Attached to the summons was "Exhibit A", a Complaint with a Circuit Court caption: (1) in the name of the same Plaintiff; (2) represented by the same lawyer; (3) against the same Defendant; (4) pleading the same claims for products liability, strict liability, breach of express warranty, and negligence; and (5) asking for $2 million in damages.[13] Plaintiff's "Exhibit A" was an "other paper" which GMC could look at to determine that this case was removable because it contains "information relating to the amount in controversy in the record of the State proceeding."[14]

In support of her motion, Plaintiff points to the fact that her damages in General Sessions Court are limited to $25,000 pursuant to Tenn. Code Ann. § 16-15-501. However, she acknowledges that her damages can be increased if she appeals a General Sessions Court decision to the Circuit Court and amends her complaint.[15] Moreover, she does not contend that the amount listed in the Circuit Court Complaint was made in bad faith. Additionally, prior to

---

[11] *Id.*

[12] *St. Paul Mercury*, 303 U.S. at 294.

[13] (ECF No. 1-1.)

[14] *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

[15] (Pl's Memo. at p. 1, ECF No. 10-1.)

removal, she would not agree to stipulate that the amount in controversy is less than $75,000 nor would she agree to accept no more than that $75,000 if she was awarded more.[16]

Plaintiff relies on *Charvat v. NMP, LLC*,[17] and *Charvat v. GVN Michigan, Inc.*,[18] for the proposition that "when the controlling law limits damages this amount constitutes the amount in controversy to a legal certainty." However, both *Charvat* cases involved substantive state statutory damages caps for violations of Consumer Protection Acts.[19] Tennessee substantive law does not cap damages in products liability claims at $75,000. Here, Plaintiff's undisputed statement about the value of the amount in controversy establishes that the minimal jurisdictional threshold of this Court has been met,[20] and remand is not appropriate.

Because Defendant GMC has met its burden of showing that removal was proper, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[16] *See* Counsels' Email Chain, ECF No. 11-1.) A plaintiff is entitled to stipulate that she does not seek and will not accept damages in an amount exceeding $75,000, which would destroy the amount in controversy requirement for § 1332 jurisdiction. *See, e.g., Cook v. Estate of Moore*, 2012 WL 5398064 (W.D. Ky. Nov. 2, 2012).

[17] 656 F.3d 440, 446-47 (6th Cir. 2011)

[18] 561 F.3d 623, 628 (6th Cir. 2009),

[19] 656 F.3d at 447; 561 F.3d 629-30; *See also* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702, at 98–99 & n. 88 (3d ed. 1998 & Supp. 2008) (noting that the legal-certainty test is met "when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff").

[20] *See, e.g., Watkins v. Vital Pharms., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) (an undisputed declaration by a representative of the removing party establishes the amount in controversy).

Date: February 10, 2016.