# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

CAROLYN MOORE,

       Plaintiff,

v.

GENERAL MOTORS COMPANY,

       Defendant.

Case No. 2:15-cv-02816-STA-dkv

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant General Motors Company ("GMC") removed this products liability action from the Shelby County General Sessions Court to this Court pursuant to 28 U.S.C. § 1332, diversity of citizenship. (ECF No. 1.) Defendant has now filed a motion for summary judgment. (ECF No. 19.) Plaintiff Carolyn Moore has filed a notice in which she states that she will not file a response to Defendant's motion. (ECF Nos. 20-21.) For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] When deciding a motion for summary judgment, the court must review all the evidence and draw all reasonable inferences in favor of the non-movant.[2] In reviewing a motion for summary

---

[1] Fed. R. Civ. P. 56(c).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

judgment, the Court views the evidence in the light most favorable to the nonmoving party, and it "may not make credibility determinations or weigh the evidence."[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[6] Although the Court "cannot automatically grant the summary judgment motion merely because [the opposing party] has not filed a response in opposition,"[7] the Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."[8]

In the present case, Defendant has presented unrefuted evidence that Plaintiff's claims are barred by Tennessee's statue of repose because her lawsuit was filed more than ten years after

---

[3] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id.* at 251–52.

[7] *United States v. Bennett*, 2008 WL 4510256 at *1 (E.D. Tenn. Oct. 1, 2008).

[8] *Celotex*, 477 U.S. at 322.

the product was first purchased for use.[9] It is undisputed that Plaintiff's Moore's GMC Envoy, VIN 1GKDS13S942135085, was first purchased on February 2, 2004.[10] In this lawsuit, which was filed on August 27, 2015, Plaintiff seeks recovery under theories of strict product liability, negligent design and manufacture, gross negligence, and breach of express and implied warranties.[11] The core allegation underlying each of her claims is that GMC caused her injuries by manufacturing and selling a defective and/or unreasonably dangerous 2004 GMC Envoy.

> Tennessee's statute of repose provides as follows:
>
> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28–3–104, 28–3–105, 28–3–202 and 47–2–725, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.[12]

Under Tennessee law, "Statutes of repose are substantive and extinguish both the right and the remedy while statutes of limitations are procedural, extinguishing only the remedy."[13] Thus, "[t]he statute of repose is a rule of substantive law that must be applied by a federal court sitting

---

[9] Tenn. Code Ann. § 29-28-103(a).

[10] (Statement of Undisputed Facts at ¶ 2, ECF No. 19-3.)

[11] (ECF No. 1-1.)

[12] Tenn. Code. Ann. § 29–28–103(a).

[13] *Jones v. Methodist Healthcare*, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001).

in diversity."[14]  Accordingly, Defendant GMC is entitled to summary judgment on Plaintiff's claims, and Defendant's motion is **GRANTED**.[15]

**IT IS SO ORDERED**.

        s/  S. Thomas Anderson
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

Date:  March 31, 2016.

---

[14]  *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999).

[15]  *See Wahl v. Gen. Elec. Co.,* 983 F. Supp. 2d 937, 952 (M.D. Tenn. 2013) ("The undisputed facts establish that the TPLA statute of repose bars her claims as a matter of law."); *McMillan v. Janssen Pharmaceutica, Inc.*, 2011 WL 12088 (W.D. Tenn. 2011) (granting summary judgment when action was brought more than one year after expiration of statute of repose); *Spence v. Miles Labs., Inc.*, 37 F.3d 1185, 1189 (6th Cir. 1994) ("Plaintiff's various claims of defective manufacture, failure to warn, and implied warranties of merchantability and fitness fall squarely within the confines of the Tennessee Products Liability Act. Thus, characterized as such, plaintiff's claims are subject to, and consequently barred by, the statute of repose which governs product liability actions.").